# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

ROBERT LEE SANDERS
ADC #131332                                                                                    PLAINTIFF

V.                                    4:08CV00271 JLH/JTR

THOMAS MARS, Director,
Arkansas State Police, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the

       Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

## II. Discussion

In his Complaint, Plaintiff alleges that Defendants committed *Brady* violations when they failed to disclose certain exculpatory evidence during state criminal proceedings which ultimately concluded in Plaintiff being convicted, on July 12, 2004, of several crimes. *See* docket entry #2. By way of relief, Plaintiff asks the Court to award monetary damages and order Defendants to provide him with a full copy of the police investigatory file. *Id.*

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court explained that a prisoner may challenge the conditions of his confinement in a § 1983 action. In contrast, if a prisoner is seeking release from prison because his state conviction is unconstitutional or otherwise improper, his sole remedy is to file a federal habeas petition, pursuant to 28 U.S.C. § 2254, *after* he has properly exhausted all of his available remedies in state court. *Id.* at 484, 499; *see also* 28 U.S.C. § 2254(b) and (c) (providing that a claim is considered fully exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the fact and theoretical substance of this claim").

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court extended the *Preiser* holding to a prisoner's request for damages, instead of immediate release. Specifically, the Court held that, if a judgment in favor of a prisoner in a § 1983 action would "necessarily imply the invalidity of the conviction or sentence," then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the highest state court of a federal habeas court. *Id.* at 487.

As previously mentioned, Plaintiff alleges that Defendants withheld exculpatory evidence during the state criminal proceedings against him. These allegations, if proven, would "necessarily imply the invalidity of his conviction or sentence." *See Heck*, 512 at 487; *see also Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (a court must look to substance of relief sought to

determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling). Thus, Plaintiff's claims are not properly cognizable, at this time, in a § 1983 action.

The Court's records demonstrate that Plaintiff has already filed one § 2254 federal habeas action challenging his July 12, 2004 criminal convictions. *See Sanders v. Norris*; 5:07CV00002 (E.D. Ark. Jan. 4, 2007). The Court denied Plaintiff's request for habeas relief and dismissed the case, with prejudice. *Id.* (docket entries #42 and #43). Additionally, both the trial court and the Eighth Circuit Court of Appeals denied Plaintiff's request for a Certificate of Appealability to challenge that ruling. *Id.* (docket entries #50, #57, and #58). Thus, Plaintiff's only recourse is to obtain permission, from the Eighth Circuit Court of Appeals, to file a successive § 2254 habeas petition. *See* 28 U.S.C. § 2244(b)(3).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 11th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE